IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID RICHARDSON, ID # 333735, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:06-CV-1188-L (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his February 25, 1982 conviction and resulting seventy-five year sentence in Cause No. F81-32625-M.[1] (*See* Pet. Writ Habeas Corpus (Pet.) at 2.) The respondent is Nathaniel Quarterman, Director of TDCJ-CID.

This is petitioner's third federal challenge related to his 1982 conviction. (*See id.* ¶ 20.) On September 11, 1998, the Court denied a federal petition filed by petitioner that raised three claims

---

[1] Petitioner has also filed a motion pursuant to Fed. R. Civ. P. 60(b) to set aside the judgments entered in Cause Nos. 3:97-CV-2634-X and 3:99-CV-2806-T. (*See* Mot. Set Aside Previous Ruling, doc. 3.) He contends that the judgments in those cases, which challenged the same conviction at issue in this case, are void based upon the claim raised in the instant petition. (*Id.*) A proper Rule 60(b) motion should be filed and addressed in the same case as the challenged judgment. However, because petitioner asserts a claim of error in his state conviction, the motion is properly construed as a petition for writ of habeas corpus. *See Gonzalez v. Crosby*, 125 S. Ct. 2641, 2647-48, 2651 (2005). Consequently, the Court resolves the motion, which is hereby construed as a habeas petition, simultaneously with the petition.

related to the revocation of his parole relative to the 1982 conviction. *See Richardson v. Johnson*, No. 3:97-CV-2634-X (N.D. Tex. Sept. 11, 1998) (order and judgment). The Court dismissed his second federal petition because petitioner did not file it within the one-year statute of limitations. *See Richardson v. Johnson*, No. 3:99-CV-2806-T (N.D. Tex. May 31, 2000) (order and judgment). In the instant action, petitioner relies on *Miller-el v. Dretke*, 545 U.S. 231 (2005) for his current claim that he was unconstitutionally convicted by "an all white jury." (Pet. at 7.) He did not raise this claim in either of his previous petitions. *See Richardson*, No. 3:97-CV-2634-X (N.D. Tex. Aug. 18, 1998) (findings, conclusions, and recommendation showing three claims related to the revocation of petitioner's parole); *Richardson*, No. 3:99-CV-2806-T (N.D. Tex. Apr. 20, 2000) (findings, conclusions, and recommendation showing the seven claims raised in that action).

Because petitioner has filed previous federal petitions related to his 1982 conviction, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II.  SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. *See* 28 U.S.C. § 2244 (b). Under Fifth Circuit precedent, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v.*

*Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[2] A petition that is literally second or successive, however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523 U.S. at 645.

In this case, petitioner's prior petitions were not dismissed because of any prematurity or lack of exhaustion. Under *Orozco-Ramirez* and *Crone*, petitioner was therefore required to present all available claims in his initial federal petition.

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner has previously filed two federal petitions related to his 1982 conviction. The instant federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises a

---

[2] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

claim that could have been raised in his prior petitions. He presents no reason why he could not have raised his claim in his prior petitions. That the Supreme Court decided *Miller-el* in 2005 does not render the basis for such claim unavailable until that decision. "*Miller-El* . . . did not announce a new constitutional right to be applied retroactively, but merely applied the long-established law of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed.2d 69 (1986), that discrimination by a prosecutor in selecting a defendant's jury violated the Fourteenth Amendment." *Jordan v. Dretke*, No. 3:05-CV-0541-L, 2005 WL 2124153, at *1 (N.D. Tex. Aug. 31, 2005). Consequently, a "*Miller-el* claim" is actually based upon *Batson*, and "could have been brought in [petitioner's] earlier petition, but was not." *Id.*

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 30th day of October, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE