IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DAVID RICHARDSON # 333735,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:06-CV-1188-L** |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

# **ORDER**

This is a habeas case brought under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On October 30, 2006, the Findings, Conclusions, and Recommendations of the United States Magistrate Judge ("Report") were filed. Petitioner filed his Response to the Findings, Conclusions and Recommendations of the United States Magistrate Judge ("Objections") on November 8, 2006. After making an independent review of the pleadings, file and record in this case and the magistrate judge's Report, the court **determines** that the magistrate judge's findings and conclusions are correct. The court **overrules** Petitioner's Objections.

Petitioner Richardson, serving a seventy-five-year sentence for attempted capital murder, brought this petition to challenge his 1982 conviction, which was affirmed on appeal in 1983. Richardson has filed two previous federal habeas petitions related to this conviction, and the court agrees with the magistrate judge's Report that this third petition is successive under the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See* 28 U.S.C. § 2244(b).  As the Report pointed out, a petition is successive when it "raises a claim challenging the petitioner's conviction or sentence that was our could have been raised in an earlier petition."  Report at 2 (quoting *Crone v. Cockrell*, 324 F.3d 833, 836-67 (5th Cir. 2003)).  Richardson's petition claims that he was unconstitutionally convicted by an all-white jury, a claim he did not raise in his previous petitions.  Richardson's Objections state that the AEDPA's restrictions against successive petitions do not apply here, because he could not have brought this claim prior to the Supreme Court's decision in *Miller-el v. Dretke*,  545 U.S. 231, 234 (2005), which revealed that Dallas County prosecutors once relied on a jury-selection manual that led to the systematic exclusion of black venire panel members.  The court agrees with the magistrate judge's Report that Richardson could have brought a constitutional challenge for racial discrimination during his jury selection based on the Supreme Court's holdings in *Batson v. Kentucky*, 476 U.S. 79 (1986).  The facts revealed by *Miller-el* may not have been available to Richardson when he filed his first two federal habeas petitions in 1998 and 2000, but relief based on the constitutional protections of the Fourteenth Amendment and *Batson* were clearly available to him.  The court **determines** that it may only consider Richardson's successive petition if the Fifth Circuit Court of Appeals authorizes such a petition under 28 U.S.C. § 2244(b)(3)(A).  Accordingly, this action is hereby **transferred** to the United States Court of Appeals for the Fifth Circuit for it to determine whether Petitioner can proceed before this court with this action.

**It is so ordered** this 12th day of December, 2006.

_____
Sam A. Lindsay
United States District Judge